UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID A. H.,[1] | ) | CIVIL ACTION NO. 4:23-CV-1134 |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | (ARBUCKLE, M.J.) |
| FRANK BISIGNANO,[2] | ) | |
| *Commissioner of Social Security*, | ) | |
| Defendant | ) | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Plaintiff David A. H., an adult who lives in the Middle District of Pennsylvania, seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Jurisdiction is conferred on this Court pursuant to 42 U.S.C. §405(g).

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States recommends that federal courts refer to plaintiffs in social security cases by their first name and last initial. We adopt this recommendation in our opinion.

[2] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

This matter is before me upon consent of the parties pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. After reviewing the parties' briefs, the Commissioner's final decision, and the relevant portions of the certified administrative transcript, the Court finds the Commissioner's final decision is not supported by substantial evidence. Accordingly, the Commissioner's final decision will be VACATED.

**II.    BACKGROUND & PROCEDURAL HISTORY**

On March 16, 2021, Plaintiff protectively filed an application for disability insurance benefits under Title II of the Social Security Act. (Admin. Tr. 15). In this application, Plaintiff alleged he became disabled on March 14, 2020. Plaintiff then amended his alleged onset date to September 11, 2020, when he was 64 years old, due to the following conditions: chronic joint pain in the shoulders, back, neck, lower back and knees; anxiety; difficulty remembering things; difficulty learning new things; and depression. (Admin. Tr. 252). Plaintiff alleges that the combination of these conditions affects his ability to lift, squat, bend, stand, reach, kneel, climb stairs, see, remember, complete tasks, concentrate, understand, follow instructions and get along with others. (Admin. Tr. 269). Plaintiff has at least a high school education. (Admin. Tr. 88). Before the onset of his impairments, Plaintiff worked as an insurance sales representative, DOT # 250.257-010. (Admin. Tr. 26).

On June 29, 2021, Plaintiff's application was denied at the initial level of administrative review. (Admin. Tr. 15). On October 14, 2021, Plaintiff's application was denied upon reconsideration. *Id.* On December 9, 2021, Plaintiff requested an administrative hearing. (Admin. Tr. 149).

On April 12, 2022, Plaintiff, assisted by his counsel, appeared and testified during a hearing before Administrative Law Judge Edward L. Brady (the "ALJ"). (Admin. Tr. 27). On April 27, 2022, the ALJ issued a decision denying Plaintiff's application for benefits. (Admin. Tr. 15-27). On April 29, 2022, Plaintiff requested that the Appeals Council of the Office of Disability Adjudication and Review ("Appeals Council") review the ALJ's decision. (Admin. Tr. 227).

On June 8, 2023, the Appeals Council denied Plaintiff's request for review. (Admin. Tr. 1-3).

On July 8, 2023, Plaintiff filed a complaint in this court. (Doc. 1). In the complaint, Plaintiff alleges that the ALJ's decision denying the application is not supported by substantial evidence, and improperly applies the law. (Doc. 1). As relief, Plaintiff requests that the Court reverse and set aside the Commissioner's final decision or remand this case for further proceedings. (Doc. 1).

On September 7, 2023, the Commissioner filed an answer. (Doc. 6). In the answer, the Commissioner maintains that the decision denying Plaintiff's

application was made in accordance with the law and is supported by substantial evidence. (Doc. 6). Along with his answer, the Commissioner filed a certified transcript of the administrative record. (Doc. 7).

Plaintiff's brief (Doc. 8), the Commissioner's brief (Doc. 10), and Plaintiff's reply (Doc. 11 ) have been filed.  This matter is now ready to decide.

## III.   LEGAL STANDARDS

Before looking at the merits of this case, it is helpful to restate the legal principles governing Social Security Appeals, including the standard for substantial evidence review, and the guidelines for the ALJ's application of the five-step sequential evaluation process.

### A.   SUBSTANTIAL EVIDENCE REVIEW – THE ROLE OF THIS COURT

A district court's review of ALJ decisions in social security cases is limited to the question of whether the findings of the final decision-maker are supported by substantial evidence in the record.[3] Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[4] Substantial evidence is

---

[3] *See* 42 U.S.C. § 405(g); *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008); *Ficca v. Astrue*, 901 F.Supp.2d 533, 536 (M.D. Pa. 2012).

[4] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

less than a preponderance of the evidence but more than a mere scintilla.[5] A single piece of evidence is not substantial if the ALJ ignores countervailing evidence or fails to resolve a conflict in the record.[6] In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ's decision] from being supported by substantial evidence."[7] When determining if the Commissioner's decision is supported by substantial evidence under sentence four of 42 U.S.C. § 405(g), the court may consider any evidence that was in the record that was made before the ALJ.[8]

The Supreme Court has underscored the limited scope of district court review in this field, noting that:

---

[5] *Richardson v. Perales*, 402 U.S. 389, 401 (1971).
[6] *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).
[7] *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966).
[8] *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001) ("when the Appeals Council has denied review the district court may affirm, modify, or reverse the Commissioner's decision, with or without a remand based on the record that was made before the ALJ (Sentence Four review)."). The claimant and Commissioner are obligated to support each contention in their arguments with specific reference to the record relied upon. L.R. 83.40.4; *United States v. Claxton*, 766 F.3d 280, 307 (3d Cir. 2014) ("parties . . . bear the responsibility to comb the record and point the Court to the facts that support their arguments."); *Ciongoli v. Comm'r of Soc. Sec.*, No. 15-7449, 2016 WL 6821082 (D.N.J. Nov. 16, 2016) (noting that it is not the Court's role to comb the record hunting for evidence that the ALJ overlooked).

The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. *T-Mobile South, LLC* v. *Roswell*, 574 U.S. ——, ——, 135 S.Ct. 808, 815, 190 L.Ed.2d 679 (2015). Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Consolidated Edison Co.* v. *NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938) (emphasis deleted). And whatever the meaning of "substantial" in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is "more than a mere scintilla." *Ibid.*; see, *e.g.*, *Perales*, 402 U.S. at 401, 91 S.Ct. 1420 (internal quotation marks omitted). It means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison*, 305 U.S. at 229, 59 S.Ct. 206. *See Dickinson v. Zurko*, 527 U.S. 150, 153, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999) (comparing the substantial-evidence standard to the deferential clearly-erroneous standard).[9]

To determine whether the final decision is supported by substantial evidence, the court must decide not only whether "more than a scintilla" of evidence supports the ALJ's findings, but also whether those findings were made based on a correct application of the law.[10] In doing so, however, the court is enjoined to refrain from

---

[9] *Biestek v.* 587 U.S. 97, 102-03 (2019).

[10] *See Arnold v. Colvin*, No. 3:12-CV-02417, 2014 WL 940205, at *1 (M.D. Pa. Mar. 11, 2014) ("[I]t has been held that an ALJ's errors of law denote a lack of substantial evidence.") (alterations omitted); *Burton v. Schweiker*, 512 F. Supp. 913, 914 (W.D. Pa. 1981) ("The Secretary's determination as to the status of a claim requires the correct application of the law to the facts."); *see also Wright v. Sullivan*, 900 F.2d 675, 678 (3d Cir. 1990) (noting that the scope of review on legal matters is plenary); *Ficca*, 901 F. Supp. 2d at 536 ("[T]he court has plenary review of all legal issues . . . .").

trying to re-weigh evidence and "must not substitute [its] own judgment for that of the fact finder."[11]

Furthermore, meaningful review cannot occur unless the final decision is adequately explained. As the Court of Appeals has noted on this score:

> In *Burnett*, we held that an ALJ must clearly set forth the reasons for his decision. 220 F.3d at 119. Conclusory statements . . . are insufficient. The ALJ must provide a "discussion of the evidence" and an "explanation of reasoning" for his conclusion sufficient to enable judicial review. *Id.* at 120; *see Jones v. Barnhart*, 364 F.3d 501, 505 & n. 3 (3d Cir. 2004). The ALJ, of course, need not employ particular "magic" words: "*Burnett* does not require the ALJ to use particular language or adhere to a particular format in conducting his analysis." *Jones*, 364 F.3d at 505.[12]

### B.  STANDARDS GOVERNING THE ALJ'S APPLICATION OF THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To receive benefits under the Social Security Act by reason of disability, a claimant must demonstrate an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."[13] To satisfy this requirement, a claimant must have a severe physical or mental impairment that makes it impossible

---

[11] *Zirnsak v. Colvin*, 777 F.3d 607, 611 (3d Cir. 2014).
[12] *Diaz v. Comm'r of Soc. Sec.*, 577 F.3d 500, 504 (3d Cir. 2009).
[13] 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).

to do his or her previous work or any other substantial gainful activity that exists in the national economy.[14] To receive benefits under Title II of the Social Security Act, a claimant must show that he or she contributed to the insurance program, is under retirement age, and became disabled prior to the date on which he or she was last insured.[15] Unlike disability insurance benefits under Title II of the Social Security Act, "[i]nsured status is irrelevant in determining a claimant's eligibility for supplemental security income benefits" under Title XVI of the Social Security Act.[16]

In making this determination at the administrative level, the ALJ follows a five-step sequential evaluation process.[17] Under this process, the ALJ must sequentially determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals a listed impairment; (4) whether the claimant is able to do his or her past relevant work; and (5) whether the claimant is able to do any other work, considering his or her age, education, work experience and residual functional capacity ("RFC").[18]

---

[14] 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a).
[15] 42 U.S.C. § 423(a); 20 C.F.R. § 404.131(a).
[16] *Snyder v. Colvin*, No. 3:16-CV-01689, 2017 WL 1078330, at *1 (M.D. Pa. Mar. 22, 2017).
[17] 20 C.F.R. § 404.1520(a).
[18] 20 C.F.R. § 404.1520(a)(4).

Between steps three and four, the ALJ must also assess a claimant's RFC. RFC is defined as "that which an individual is still able to do despite the limitations caused by his or her impairment(s)."[19] In making this assessment, the ALJ considers all the claimant's medically determinable impairments, including any non-severe impairments identified by the ALJ at step two of his or her analysis.[20]

At steps one through four, the claimant bears the initial burden of demonstrating the existence of a medically determinable impairment that prevents him or her from engaging in any of his or her past relevant work.[21] Once this burden has been met by the claimant, it shifts to the Commissioner at step five to show that jobs exist in significant number in the national economy that the claimant could perform that are consistent with the claimant's age, education, work experience and RFC.[22]

## IV. DISCUSSION

In his Statement of Errors, Plaintiff alleges:

(1) The ALJ failed to discuss or consider the opinion of the consultative examiner, Dr. Betts.

---

[19] *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 121 (3d Cir. 2000) (citations omitted); *see also* 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a)(1).
[20] 20 C.F.R. § 404.1545(a)(2).
[21] 42 U.S.C. § 423(d)(5); 20 C.F.R. § 404.1512; *Mason*, 994 F.2d at 1064.
[22] 20 C.F.R. § 404.1512(b)(3); *Mason*, 994 F.2d at 1064.

(2)  The ALJ's residual functional capacity assessment cannot be supported by substantial evidence as the ALJ failed to include any limitations related to [Plaintiff's] mental impairments.

(3)  Inadequacies in the ALJ's function-by-function assessment, and evaluation of the medical opinion evidence frustrate meaningful judicial review.

(4)  Despite finding the consultative examiner's opinion to be "persuasive" and purporting to adopt the limitations therein, the ALJ inexplicably found Plaintiff capable of "frequent stooping."

(Doc. 8, p. 6).

### A. THE ALJ'S DECISION DENYING PLAINTIFF'S APPLICATION

In his April 2022 decision, the ALJ found that Plaintiff met the insured status requirement of Title II of the Social Security Act through March 31, 2022. (Admin. Tr. 17). Then, Plaintiff's application was evaluated at steps one through four of the sequential evaluation process.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity at any point between September 11, 2020 (Plaintiff's alleged onset date) and March 31, 2022 (Plaintiff's date last insured) ("the relevant period"). (Admin. Tr. 17-18).

At step two, the ALJ found that, during the relevant period, Plaintiff had the following medically determinable severe impairments: asthma, Dupuytren's contracture of the left hand and a positive rheumatoid factor. (Admin. Tr. 18).

At step three, the ALJ found that, during the relevant period, Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Admin. Tr. 19-21).

Between steps three and four, the ALJ assessed Plaintiff's RFC. The ALJ found that, during the relevant period, Plaintiff retained the RFC to engage in medium work as defined in 20 C.F.R. § 404.1567(c) subject to the following additional limitations:

> the claimant: could frequently balance, stoop, kneel, crouch, crawl, and climb, with occasional use of ladders, ropes, and scaffolds, and with occasional exposure to extreme temperatures, humidity, fumes, odors, dust, and gases.

(Admin. Tr. 21-26).

At step four, the ALJ found that, during the relevant period, Plaintiff could engage in his past relevant work as an insurance sales representative, DOT # 250.257-010. (Admin. Tr. 26). To support his conclusion, the ALJ relied on testimony given by a vocational expert during Plaintiff's administrative hearing. *Id.*

### B. WHETHER THE ALJ FAILED TO DISCUSS OR CONSIDER THE OPINION OF THE CONSULTATIVE EXAMINER, DR. BETTS

Plaintiff asserts that on March 11, 2020, he was examined by Dr. Betts. (Doc. 8, p. 6). Dr. Betts then issued a report in which he opined that Plaintiff's

"attention/concentration" were mildly impaired. *Id.* However, the report itself was not part of the record. *Id.* Instead, what is effectively a brief summary of the report was included in the record as part of the evidence relied on by both the initial state agency consulting psychologist Dr. Roberts, and the reconsideration state agency consulting psychologist Dr. Taren. (Doc. 8, p. 6; Admin. Tr. 103, 117). Plaintiff argues that the ALJ erred in failing to procure, consider and discuss the report. (Doc. 8, pp. 6-8; Doc. 11, pp. 1-4).

The Commissioner responds in a single sentence footnote:

> Although the state agency considered Dr. Bett's report before there was a determination of the relevant period in this case, the report was properly not included in the transcript before this Court because it was prepared and included in [Plaintiff's] prior application, and, thus, is not relevant to the period at issue.

(Doc. 10, p. 13 n.7). That footnote refers the Court to another footnote that explains the relevant period. *Id.* "The Third Circuit has previously held that, arguments raised in passing (such as, in a footnote), but not squarely argued, are considered waived."[23] Here, in addition to the Commissioner's entire argument being a single sentence footnote, the argument is undeveloped and "[n]o cases are cited, and no particular

---

[23] *Mahone v. Johnson Controls, Inc. et al.*, No. 1:23-CV-1935, 2025 WL 1372839, at *5 (M.D. Pa. May 12, 2025) (quoting *John Wyeth & Brother Ltd. v. Cigna Int'l Corp.*, 119 F.3d 1070, 1076 (3d Cir. 1997)) (internal quotation marks omitted).

legal doctrine is invoked."[24] The Commissioner apparently invites the Court to make his argument for him. We will decline to do so. In any event, the Commissioner's argument that the report is not relevant to the period at issue is unpersuasive. (Doc. 10, p. 13 n.7). As noted, the Commissioner cites no authority for his proposition that Dr. Betts' report is irrelevant to the period at issue simply by virtue of it being prepared and included in one of Plaintiff's prior applications. Further, Drs. Roberts and Taren both found Dr. Betts' opinion to be relevant to their evaluation of Plaintiff for the current application. Both opinions relied upon Dr. Betts' opinion. (Admin. Tr. 103, 117). In making his RFC determination, the ALJ relied on Drs. Roberts and Taren's opinions, finding them both persuasive. (Admin. Tr. 25). Accordingly, the ALJ implicitly relied upon Dr. Betts' opinion when making his decision in this case. The Court is therefore unpersuaded that Dr. Betts' opinion is not relevant to the period at issue.

We find that the ALJ's evaluation of Drs. Roberts and Taren's opinions, which he relied upon in making is RFC finding, is not supported by substantial evidence. Pursuant to Social Security regulations, an ALJ is required to explain how they "considered the supportability and consistency factors for a medical source's

---

[24] *Schulman v. Zoetis Reference Labs, LLC*, No. 22-CV-01351(MEF)(LDW), 2025 WL 1312116, at *4 (D.N.J. May 6, 2025).

medical opinions or prior administrative medical findings in [a claimant's] determination or decision."[25] The regulations provide:

> (1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.[26]

It is unclear to the Court how the ALJ was able to properly evaluate the supportability and consistency of Drs. Roberts and Taren's opinions without reviewing all of the reports those opinions were based on.

Further, the only medical records relating to Plaintiff's mental health that the ALJ cites to throughout the opinion are Drs. Roberts and Taren's opinions themselves. (Admin. Tr. 25). Here, the Court struggles to identify what mental health medical records the ALJ reviewed at all. The ALJ broadly states that the

> objective evidence and the mental status examination findings shows that the claimant's symptomatology is largely mild. The claimant has participated in limited treatment and he has never required or engaged in more intensive modalities of treatment, such as inpatient hospitalization of partial program care. Because the evidence supports

---

[25] 20 C.F.R. 404.1520c(b)(2).
[26] 20 C.F.R. 404.1520c(c)(1) and (2).

> and corroborates these opinions and the claimant's mostly mild symptomatology, they are found to be persuasive.

(Admin Tr. 25). But no citation to any such supportive or corroborative evidence is provided. "An ALJ must provide sufficient detail in [his] opinion to permit meaningful judicial review."[27] The ALJ has failed to do so here. The Court cannot tell what mental health medical evidence the ALJ considered, or failed to, in forming the RFC both generally and in evaluating the supportability and consistency of Drs. Roberts and Taren's opinions. Accordingly, the Court is unable to meaningfully review the ALJ's decision. We therefore cannot assess the ALJ's RFC determination.

As we find remand necessary, we need not and do not consider Plaintiff's alleged errors.

[The next page contains the Conclusion]

---

[27] *Blackman v. Kijakazi*, 615 F.Supp.3d 308, 314 (E.D. Pa. 2022) (citing *Burnett v. Comm'r of Soc. Sec. Admin.*, 220 F.3d 112, 120 (3d Cir. 2000).

## V.  CONCLUSION

For the reasons discussed above, I find that Plaintiff's request that the Court remand this case for further proceedings be GRANTED as follows:

(1) The Commissioner's final decision will be VACATED.

(2) This case will be REMANDED to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

(3) Final judgment in Plaintiff's favor will be issued separately.

(4) An appropriate order will be issued.

Date: May 20, 2025	BY THE COURT

*s/William I. Arbuckle*
William I. Arbuckle
U.S. Magistrate Judge